# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                                )
                                )
v.                            )      I.D. No. 0702002298
                                )
JOSE D. BEZAREZ,       )
                                )
        Defendant     )

Submitted: May 31, 2018
Decided: August 14, 2018

On Defendant's Third Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**
On Defendant's Motion for Appointment of Counsel.
**DENIED.**

# ORDER

Joseph S. Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jose D. Bezarez, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 14ᵀ day of August, 2018, upon consideration of Defendant's third Motion for Postconviction Relief and Motion for Appointment of Counsel, it appears to the Court that:

1.    The facts of this case were set forth in this Court's opinion issued on June 22, 2010 as follows:

> On March 19, 2007, Defendant, Jose Bezarez, was indicted on four counts of Reckless Endangering First Degree stemming from a

1

shooting that occurred at an apartment building in New Castle. Defendant allegedly discharged a firearm in an apartment located directly above the victims' apartment and the bullets from Defendant's weapon pierced the ceiling of the victims' apartment while the victims were inside of their apartment. Defendant subsequently entered a *nolo contendere* plea to one count of Reckless Endangering First Degree and was sentenced to two years of incarceration at Level V.[1]

2. On January 4, 2010, Defendant filed, *pro se,* his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. This Court denied that Motion on June 22, 2010,[2] and the Supreme Court of Delaware dismissed the appeal on August 13, 2010.[3]

3. Defendant filed his second, *pro se,* Motion for Postconviction Relief on March 18, 2014. This Court denied Defendant's motion on May 12, 2014. An appeal was filed on May 27, 2014,[4] and the Supreme Court affirmed this Court's judgment on December 23, 2014.[5]

4. Defendant has now filed, *pro se,* his third Motion for Postconviction Relief along with a Motion for Appointment of Counsel. In this Motion for Postconviction Relief, Defendant raises one ground for relief; that "[c]ounsel failed to property advise Bezarez as to a plea and failed to provide him with effective representation in violation of the 6th, and 14th amendment[s] of the U.S. Constitution."

5. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[6] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[7] The procedural bars of Rule

---

[1] *State v. Bezarez,* 2010 WL 11470344, at *1 (Del. Super. Ct. June 22, 2010).
[2] *Id.*
[3] *Bezaerez v. State,* 2 A.3d 73 (Del. 2010)(Table).
[4] *State v. Bezarez,* 2014 WL 2119703, at *3 (Del. Super. Ct. May 12, 2014).
[5] *Bezarez v. State,* 105 A.3d 988 (Del. 2014).
[6] Del. Super. Ct. Crim. R. 61.
[7] *State v. Stanford,* 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State,* 135 A.3d 748, 756 (Del. 2016)).

61 include timeliness,[8] successiveness,[9] procedural default,[10] and former adjudication.[11] A motion is untimely if it is filed more than one year after the conviction is finalized or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[12] A motion is successive if it is a "second or subsequent motion."[13] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[14] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[15]

6.  As this is Defendant's third Motion for Postconviction Relief, it is repetitive pursuant to Superior Court Criminal Rule 61(i)(2). Under Rule 61(i)(2), successive motions are barred unless the defendant satisfies the pleading requirements of 61(d)(2):

> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive . . . applies to the movant's case and renders the conviction . . . invalid.[16]

7.  Neither exception to successive motions applies here, as Defendant fails to plead with particularity that new evidence exists, or that a new constitutional rule applies retroactively. Defendant appears to argue that the Supreme Court of the United States announced a new rule of constitutional law, made retroactive, in *Lee v. United States*.[17] However, *Lee* held that counsel's advice, concerning deportation consequences of defendant's guilty plea, prejudiced the defendant.[18] Upon the Courts review, it does not appear that the Defendant has

---

[8] *Id.* at *2 (citing Del. Super. Ct. Crim. R. 61(i)(1)).
[9] *Id.* (citing Del. Super. Ct. Crim. R. 61(i)(2)).
[10] *Id.* (citing Del. Super. Ct. Crim. R. 61(i)(3)).
[11] *Id.* (citing Del. Super. Ct. Crim. R. 61(i)(4)).
[12] Del. Super. Ct. Crim. R. 61(i)(1).
[13] Del. Super. Ct. Crim. R. 61(i)(2).
[14] *Stanford*, 2017 WL 2484588, at *2.
[15] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").
[16] Del. Super. Ct. Crim. R. 61(d)(2)(i)&(ii).
[17] Def.'s Third Mot. for Postconviction Relief at 7.
[18] *Lee v. United States*, 137 S. Ct. 1958, 198 L. Ed. 2d 476 (2017).

3

claimed with particularity a new rule of constitutional law that applies to his case and renders his conviction invalid.

8. Accordingly, as Defendant has failed to overcome the procedural bar to successive motions for postconviction relief, Defendant's third Motion for Postconviction Relief is summarily dismissed, as required by Rule 61(d)(2).

9. Additionally, because Defendant failed meet the pleading requirements of Rule 61(d)(2), Defendant's Motion for Appointment of Counsel must also be denied.

10. Therefore, Defendant's Third Motion for Postconviction Relief is **SUMMARILY DISMISSED** and Defendant's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

Richard R. Cooch, R.J.

cc:     Joseph S. Grubb, Esquire
        Jose D. Bezarez
        Prothonotary
        Investigative Services

4